IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01901-WYD

ANGELA G. GASKELL,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

## ORDER

---

THIS MATTER is before the Court on the Unopposed Motion for Attorney's Fee Under 42 U.S.C. § 406(b) filed November 21, 2012, by Plaintiff's counsel.  The motion request that the Court award reasonable attorney's fees to counsel for Plaintiff pursuant to 42 U.S.C. § 406(b) in the amount of $6,737.01.  Plaintiff's counsel attaches documentation to the motion in support of his fee request.

Turning to my analysis, "[f]or proceedings in court, Congress provided for fees on rendition of 'a judgment favorable to a claimant'". *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).  "As part of its judgment, a court may allow 'a reasonable fee not in excess of 25 percent of the ... past-due benefits' awarded to the claimant." *Id.* (quoting *id.*)  "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Id.* (quoting *id.*)

Having reviewed the Motion, Memorandum and attachments thereto, I find that the amount of fees sought is reasonable for substantially the reasons set forth in the Memorandum.  Plaintiff entered into a contingent fee agreement whereby counsel would be awarded a fee in an amount equal to 25% of the past-due benefits which were awarded (Ex. A to Mot.), and the fee request is consistent with that.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807-09.  Instead, "406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.*

I find that the requested fee is reasonable because it reflects the contingent nature of the recovery.  Further, it is reasonable because the net fee paid by Plaintiff– after a refund to Plaintiff by her counsel of the previous $5,000 in fees paid under the Equal Access to Justice Act– amounts to $1,737.01, or only 3% of the past-due benefits.  I also find that the fee is reasonable because there was a substantial risk of loss to counsel in connection with the case, Plaintiff's counsel devoted considerable time and effort to presentation of Plaintiff's position, the results were favorable to Plaintiff, and for the other reasons noted in the motion.  Finally, the motion indicates that the Commissioner does not object to the fees.  Accordingly, it is

ORDERED that the Unopposed Motion for an Attorney's Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's counsel (ECF No. 24) is **GRANTED**.  Plaintiff's counsel is awarded attorney's fee in the amount of **$6,737.01** pursuant to 42 U.S.C. § 406(b).

Dated December 13, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge